

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 10, 1968

Honorable Glendon Roberts
County Attorney
Bandera County Courthouse
Bandera, Texas 78003

Opinion No. M-189

Re: Right of County Commissioners
Court to erect cattle guards
in lieu of gates under Art-
icle 6704, Vernon's Civil
Statutes.

Dear Sir:

In your recent letter to this office, you request our opinion as to whether the County Commissioners Court may erect cattle guards in lieu of gates under Article 6704, Vernon's Civil Statutes.

Article 6712, Vernon's Civil Statutes, provides as follows:

"The owners of land across which a third class or neighborhood road may be run, when the right of way therefor has been acquired without cost to the county, may erect gates across said road when necessary, said gates to be not less than ten feet wide and free of obstructions at the top."

Section 4 of Article 6704, Vernon's Civil Statutes, provides, in part, as follows:

"The Commissioners Court shall classify all public roads in their counties as follows:

* * * * * * * * * * * *

"4. Any county in this State containing a population of less than ten thousand (10,000) inhabitants, or any county with a population of not less than twenty-one thousand, two hundred

- 898 -

and sixty-five (21,265) nor more than twenty-one thousand, seven hundred and eighty-five (21,785), according to the last preceding Federal Census, may by a majority vote of the Commissioners Court thereof authorize the construction of cattle guards across any or all of the first class, second class, or third class roads in said county, _and such cattle guards shall not be classed or considered as obstructions on said roads._

"...

"_The Commissioners Court of any county coming under the provisions of this Act is hereby authorized and empowered to construct cattle guards on the first class, second class, and third class roads of said county_ and pay for the same out of the Road and Bridge Funds of said county when in their judgment they believe the construction of such cattle guards to be to the best interest of the citizens of said county. As amended Acts 1965, 59th Leg., p. 1499, ch. 650, § 1, emerg.eff. June 17, 1965." (Emphasis added.)

In your letter you provide the following two facts:

(1) The road involved was acquired at no cost to the county.

(2) Bandera County has a population of less than ten thousand (10,000) inhabitants.

Upon examination of Articles 6704 and 6712, there exists a conflict as between the power of the Commissioners Court to erect cattle guards under Article 6704 and the right of the landowner to erect gates under Article 6712, Vernon's Civil Statutes. This conflict arises when the landowner has erected or wishes to erect a gate and the Commissioners Court wishes to erect a cattle guard.

Prior to the enactment of the language specifically dealing with cattle guards in Article 6704, neither the county nor private individuals were authorized to erect cattle guards. Article 6712 concerns the right of a private individual to erect a gate. Moreover, cattle guards were deemed to be road obstructions. Therefore, in recognition of this, the Legislature specifically worded the language in Article 6704 to repeal that inhibition. Attorney General's Opinion No. O-4695 (1942).

It is our opinion that when it enacted the language specifically dealing with cattle guards in Article 6704 in such a way as to be conflicting, inconsistent or repugnant to Article 6712, it was the intent of the Legislature to repeal or supersede Article 6712 to the extent of that inconsistency or conflict. First National Bank v. Lee County Cotton Oil Co., 250 S.W. 313 (Tex.Civ.App. 1923), affirmed First National Bank of Giddings v. Lee County Cotton Oil Co., 274 S.W. 127 (Tex.Comm. App. 1925).

Although the Legislature did not expressly repeal Article 6712 when it enacted the aforementioned language in Article 6704, we are of the opinion that Article 6704 controls over Article 6712 whenever the Commissioners Court authorizes the erection of cattle guards pursuant to its terms. Our statement rests upon the principle that the latest expression of the lawmakers will be given effect. 53 Tex.Jur.2d 149, Statutes, § 101.

". . .

"A statute does not, of course, abrogate or affect an earlier law where there is no conflict between the two. But an act that is later in point of time controls, repeals or supersedes an earlier act, in so far as the two are inconsistent and irreconcilable and cannot both stand at the same time. . . ." 39 Tex.Jur. 139 Statutes § 74.

We hold, therefore, that whenever the Commissioners Court authorizes the erection of cattle guards, as provided in

Hon. Glendon Roberts, page 4 (M-189)


Article 6704, the right of a landowner to erect gates under Article 6712 is superseded.

In answer to your inquiry, you are respectfully advised that the Commissioners Court has the right to erect cattle guards when, in their judgment, they believe the construction of such cattle guards to be to the best interest of the citizens of said county, and if there is a conflict, this right is paramount to that of the landowner's right to erect gates.

### S U M M A R Y

The provisions of Article 6704, Vernon's Civil Statutes, control over Article 6712, Vernon's Civil Statutes, to the extent of any conflict between the power of the Commissioners Court to erect cattle guards and the power of a landowner to erect gates. In event of a conflict, the right of the Commissioners Court to erect cattle guards under Article 6704 is paramount to the right of a landowner to erect a gate under Article 6712, provided that the Commissioners Court believes the construction of the cattle guard is to the best interest of the citizens of the county.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Alan Minter
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

Hon. Glendon Roberts, page 5 (M-189)


W. V. Geppert
John Banks
Dyer Moore
Mark White

A. J. CARUBBI, JR.
Staff Legal Assistant